José de Jesús Rivera, SBN 004604
Nathan Fidel, SBN 025136
HARALSON, MILLER, PITT, FELDMAN, & MCANALLY P.L.C.
2800 North Central Avenue, Suite 840
Phoenix, Arizona 85004
Phone:  (602) 266-5557
Fax:   (602) 266-2223
jrivera@hmpmlaw.com
nfidel@hmpmlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT IN THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shirley Fobke, individually, for the wrongful death of her husband Gene Spencer, | **Case No.:** |
| **Plaintiff,** | **COMPLAINT** |
| vs. | |
| The United States of America, | (Federal Tort Claims Act – Wrongful Death) |
| **Defendant** | |

Plaintiff allege as follows:

### JURISDICTIONAL ALLEGATIONS

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

2. This Court has jurisdiction under 28 U.S.C. §1346(b).

3. Plaintiff Shirley Fobke, the surviving wife of the decedent Gene Spencer, resides presently and at all times alleged in Maricopa County, Arizona.

4. All acts and omissions complained of occurred within the District of Arizona in Maricopa County, Arizona.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On July 16, 2014, Plaintiff filed a claim for administrative disposition with the Department of Veterans Affairs, giving notice for two million five hundred thousand dollars ($2,500,000).

6. The Department of Veteran Affairs received the claim on July 21, 2014.

7. Based on the last letter Plaintiff received dated January 14, 2015 the Department of Veteran Affairs denied Plaintiff's claims on January 14, 2015.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates all other paragraphs.

9. At all times alleged, employees of the government of the United States of America acted in the course and scope of their employment, within their actual or apparent authority, and under color of law.

10. In February 2010, decedent Gene Spencer was diagnosed with colon cancer. He was initially treated by the Phoenix Veterans Hospital and was later referred to the Mayo Clinic for further treatment.

11. On October 3, 2012, decedent Gene Spencer was admitted into the Phoenix Veterans Hospital for a pulmonary consultation.

12. As a result, decedent Gene Spencer underwent a thoracentesis procedure. During the procedure, his lung was punctured, causing a pneumothorax.

14. On October 4, 2012, Dr. Farmer informed decedent Gene Spencer and his wife, Shirley Fobke, that the pleural fluid received from the thoracentesis contained cells consistent with adenocarcinoma cancer. Dr. Farmer further reported the cancer had metastasized to his lungs and he only had a short time to live and should get his final affairs in order .

15. On October 5, 2012, decedent Gene Spencer was discharged from the Phoenix Veterans Hospital.

16. As a result of the devastating news, decedent Gene Spencer committed suicide on October 8, 2012.

17. On October 9, 2012, Plaintiff Shirley Fobke was informed the lab results had been misinterpreted and Gene in fact did not have cancer with metastasis to the lungs.

14. As a result of the misdiagnosis, Plaintiff Shirley Fobke suffered and will continue to suffer emotional and economic injury, lost wages, lost opportunity for financial gain, future earning capacity, loss of consortium, loss of love and affection.

## COUNT ONE

### Negligence

15. Plaintiff incorporates all other paragraphs.

16. The United States of America – through its agents and employees- has a duty to exercise reasonable care as health care providers to present a correct diagnosis their patients.

17. The United States of America breached its duty to Plaintiff by failing to exercise reasonable care.

18. As a direct and proximate cause of the Defendants' acts and omissions, Decedent suffered serious emotional, physical, and economic injury.

19. As a direct and proximate cause of the Defendants' acts and omissions, Plaintiff suffered and will continue to suffer serious emotional, and economic injury, and loss of consortium.

## COUNT TWO

### Wrongful Death

20. Plaintiff incorporates all other paragraphs.

21. Defendants wrongful acts lead to the death of Gene Spencer.

22. Plaintiff Shirley Fobke is the surviving wife of decedent Gene Spencer.

22. As a direct cause of the Defendants' acts and omissions, Plaintiff has suffered and will continue to suffer anguish, sorrow, stress, mental suffering, pain and shock, loss of consortium, loss of companionship, and loss of support and affection.

## COUNT THREE

### Negligent Infliction of Emotional Distress

23. Plaintiff incorporates all other paragraphs.

24. Plaintiff Shirley Fobke was present with her husband, Gene Spencer, when he was informed that the cancer reached his lungs and only had a short time to live.

25. As a result of this diagnosis, Plaintiff Shirley Fobke believed the decedent Gene Spencer would die of cancer within weeks and was distraught.

26. As a direct cause of the Defendants' acts and omissions, Plaintiff has suffered and will continue to suffer mental anguish and emotional distress.

## REQUEST FOR RELIEF

Plaintiff requests judgment in her favor and against Defendants as follows:

    a. For Plaintiff's general and special damages in an amount to be proven at trial by jury;

    b. For Plaintiffs' incurred costs together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment until paid;

    c. For the fair and reasonable monetary value of Plaintiff's past, present, and future pain and suffering in an amount to be proven at;

    d. For Plaintiff's medical expenses incurred up to the date of trial;

    e. For Plaintiff's loss of consortium of her husband;

f.  For costs incurred in the prosecution of this action;

g.  For such other and further relief as this Court may deem just and proper.

Dated this 30th day of April, 2015.

                HARALSON, MILLER, PITT,
                FELDMAN & McANALLY, PLC

      By:   *s/José de Jesús Rivera*
              José de Jesús Rivera
              Nathan J. Fidel